CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
April 15, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOHN DAVID ANDERSON III, ) | |
|     Plaintiff, ) | Civil Action No. 7:23-cv-00618 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| HAROLD W. CLARKE, et al., ) | Chief United States District Judge |
|     Defendants. ) | |

## ORDER

John David Anderson III, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983, seeking relief for constitutional violations that have allegedly occurred during his term of incarceration at Red Onion State Prison (Red Onion), including violations related to his confinement in segregation. Anderson has filed a motion for preliminary injunctive relief, in which he seeks to be "remov[ed] . . . immediately from solitary confinement" and "placed back in general population." ECF No. 24. The defendants have filed a response in opposition to the motion, ECF No. 27, along with an affidavit from Unit Manager L. Collins and accompanying exhibits, ECF No. 27-1. For the reasons discussed herein, Anderson's motion for preliminary injunctive relief is **DENIED**.

## I.

Anderson was previously incarcerated at Sussex II State Prison (Sussex II). On September 27, 2021, Anderson was "removed from general population and placed in the Restorative Housing Unit [at Sussex II] for the disruptive behavior of committing an aggravated assault upon a staff member." The Institutional Classification Authority (ICA)

recommended an "[i]nternal status change to Segregation – General Detention," and the recommendation was approved by the Assistant Warden at Sussex II. Collins Aff. Encl. A.

Anderson was subsequently transferred to Red Onion, where he received a security level review on November 12, 2021. The ICA report indicates that Anderson's security level was changed to "S – Segregation" due to the seriousness of the incident that occurred at Sussex II on September 24, 2021. Collins Aff. Encl. C. According to the defendants' evidence, Anderson physically assaulted a canine officer and two canines, one of which required medical treatment for a laceration, and Anderson was found guilty of three disciplinary charges arising from the incident. Id.; see also Collins Aff. ¶ 27. The increase in security level was approved by G. Holloway, the Regional Operations Chief. Collins Aff. ¶ 6. Following Holloway's final approval, Anderson "was placed on Administrative Segregation" and "assigned to C Building on December 15, 2021, to participate in the Step-Down Program." Id. ¶ 8.

On January 12, 2022, Anderson was approved for the Step-Down Program's Intensive Management (IM) pathway. Collins Aff. Encl. F. Inmates assigned to that pathway receive ICA hearings every 90 days, along with other periodic status reviews. Following a June 2022 status review, Anderson advanced to the next level of the IM pathway, IM-1. Collins Aff. Encl. H. At that level, Anderson had access to out-of-cell recreation four hours per day, seven days per week; he could have one non-contact visit per week for up to an hour; he could have three showers per week; and he was permitted to purchase a television or radio, along with other items from the commissary. Collins Aff. ¶ 13. Anderson remained at that level of the IM pathway for approximately ten months.

On April 24, 2023, Anderson advanced to IM-2 status. At that level of the IM pathway, Anderson was eligible to work and spend additional money on commissary items. Id. ¶ 20. He remained at that level of the IM pathway for approximately six months. During the intervening period, Anderson received a disciplinary charge that impacted his ability to progress to the next level. Id. ¶¶ 23, 24.

Following the resolution of the disciplinary charge, Anderson received another hearing at which the ICA recommended that he progress to "IM Closed Pod Phase I due to his completion of required books and his compliance in the Step Down Program." Collins Aff. Encl. S. Collins approved that recommendation on October 13, 2023. Id. Anderson remained at that level as of January 23, 2024. Collins Aff. ¶ 28. IM Closed Pod Phase I offenders are eligible for two hours of non-contact visits per week, they have more television privileges, and they can spend a greater amount of money on commissary items. Id. ¶ 26.

The defendants' evidence also indicates that inmates assigned to the Step-Down Program have access to medical and mental health services. According to Collins's affidavit, medical staff members make rounds in the housing unit at least two times per day, and members of the mental health staff make at least one round per week. Id. ¶ 26.

## II.

A preliminary injunction is an "extraordinary" remedy that courts should grant "only sparingly and in limited circumstances." Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 816 (4th Cir. 1991) (internal quotation marks omitted). A plaintiff seeking a preliminary injunction must make a "clear showing" that he is entitled to such relief. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). Specifically, the plaintiff "must

3

establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20. A preliminary injunction cannot be issued unless all four requirements are satisfied. Pashby v. Delia, 709 F.3d 307, 320 (4th Cir. 2013).

Anderson has not met his burden of establishing that a preliminary injunction is appropriate in this case. Among other deficiencies, Anderson has not made a clear showing of irreparable harm. Although Anderson alleges that he has experienced unspecified mental and emotional problems as a result of his conditions of confinement in the Step-Down Program, ECF No. 24 at 1, he has not produced any evidence from which the court could find that "irreparable injury is likely in the absence of an injunction." Winter, 555 U.S. at 22 (emphasis in original). Without such evidence, the court cannot grant preliminary injunctive relief. See id. (explaining that the mere "possibility of irreparable harm" is insufficient); see also DePaola v. Clarke, No. 7:15-cv-00403, 2015 WL 5166900, at *1 (W.D. Va. Sept. 3, 2015) (concluding that an inmate's allegations regarding unspecified mental health problems were insufficient to establish that he was likely to suffer irreparable harm in the absence of an order requiring prison officials to immediately release him from segregation).

Moreover, "the decision about where to house any particular inmate is generally committed to the discretion of the state's prison officials, and a federal court must show deference to such decisions." Ofori v. Fleming, No. 7:20-cv-00344, 2021 WL 4527248, at *3 (W.D. Va. Oct. 4, 2021) (citing Wetzel v. Edwards, 635 F.2d 283, 288 (4th Cir. 1980)). The defendants have presented evidence indicating that Anderson was removed from general population at Sussex II and assigned to segregation at Red Onion after he assaulted a canine

4

officer and two canines at Sussex II. The record also reflects that Anderson's security status has been reviewed on a regular basis at Red Onion and that he has gradually earned more privileges. While the restrictions to which Anderson remains subject may be uncomfortable and undesirable, he has not shown that the public interest would be served by interfering with the security or housing decisions made by correctional officials before his claims are addressed on the merits. See Taylor v. Freeman, 34 F.3d 266, 274 n.7 (4th Cir. 1994) (noting, in vacating a preliminary injunction, that the district court failed to adequately account for "the degree to which the public interest is disserved when federal courts assume the role of state prison administrators").

### III.

For these reasons, it is hereby **ORDERED** that Anderson's motion for preliminary injunctive relief, ECF No. 24, is **DENIED**. The Clerk is directed to send a copy of this order to the parties.

It is so **ORDERED**.

Entered: April 15, 2024

Michael F. Urbanski
Chief U.S. District Judge
2024.04.15 10:36:13
-04'00'

Michael F. Urbanski
Chief United States District Judge