CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
August 07, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JOHN DAVID ANDERSON III, | ) | |
|    Plaintiff, | ) | Civil Action No. 7:23-cv-00618 |
| | ) | |
| v. | ) | |
| | ) | By: Joel C. Hoppe |
| HAROLD W. CLARKE, *et al.*, | ) | United States Magistrate Judge |
|    Defendants. | ) | |

**ORDER**

John David Anderson III, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this civil action under 42 U.S.C. § 1983 against the former Director of the Virginia Department of Corrections (VDOC) and other VDOC officials. His complaint asserts federal constitutional claims stemming from his long-term placement in solitary confinement at Red Onion State Prison (Red Onion). The case is presently before the court on Anderson's motion requesting the issuance and service of a subpoena on the Clerk of the Circuit Court of Sussex County, Virginia. ECF No. 35. For the following reasons, the motion is denied without prejudice.

According to the complaint and its accompanying exhibits, Anderson was transferred to Red Onion on September 29, 2021, following an incident that occurred at Sussex II State Prison (Sussex II) on September 24, 2021. Anderson received several disciplinary charges as a result of the September 24, 2021, incident, and he was criminally charged with assaulting a correctional officer. A jury in the Circuit Court of Sussex County found Anderson not guilty of the criminal charge on March 17, 2023. Nonetheless, when Anderson filed this action in September 2023, he remained in solitary confinement at Red Onion. *See* Compl. 9–22, ECF No. 1; Compl. Exs. 6, 34, 36, 37, ECF No. 1-1. In addition to this action, Anderson filed a separate lawsuit in the United States District Court for the Eastern District of Virginia, in which he asserts claims stemming from

the incident at Sussex II, including claims of excessive force and denial of adequate medical treatment. *See Anderson v. Clarke*, No. 2:22-cv-00355 (E.D. Va.).

In the present motion, Anderson seeks to subpoena exhibits from his state criminal trial, including photographs of the injuries that he sustained at Sussex II on September 24, 2021; incident reports prepared by Sussex II correctional officers; video footage of the alleged assault on a correctional officer; and "any/all" other exhibits presented by the Commonwealth and his defense attorney. ECF No. 35 at 2. Anderson asks that the court "issue/serve" the requested subpoena on Gary Williams, the Clerk of the Sussex County Circuit Court. *Id.* at 3.

Federal Rule of Civil Procedure 45 governs subpoenas issued to non-parties. "Document discovery, whether through Rule 45 or Rule 34, remains subject to the general discovery provisions of Rule 26." *Effland v. Balt. Police Dep't*, No. 1:20-cv-03503, 2024 WL 69581, at *3 (D. Md. Jan. 5, 2024). Rule 26(b) provides that any information sought during discovery must be relevant and proportional to the needs of the case, and that the court may limit discovery if it concludes that the discovery sought "can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b). Courts apply the same limitations in determining whether to issue and serve subpoenas requested by an indigent party. *See Jackson v. Brinker*, No. 91-471-C, 1992 WL 404537, at *7 (S.D. Ind. Dec. 21, 1992) (concluding that courts have authority to "screen[] an indigent party's requests for issuance and service of subpoenae *duces tecum* on non-parties" and that such requests may be denied if a court finds that the subpoena is "frivolous, requests immaterial or unnecessary information, is unduly burdensome, would be reasonably certain to result in the indigent's responsibility for significant compliance costs for which he cannot provide, or is otherwise unreasonable or abusive of the court's process"). Accordingly, in addition to explaining how the requested records are relevant to the case, "the

plaintiff should demonstrate that the requested records are obtainable only through the identified third party and that he has made provisions to pay the reasonable costs associated with the discovery he seeks." *Hill v. Exec. Office for United States Attys.*, No. 4:17-cv-00027, 2017 WL 5079148, at *3 (W.D. Va. July 19, 2017) (internal quotation marks omitted).

In the pending motion, Anderson fails to explain how the requested photographs, video footage, and other evidence is relevant to the claims asserted in *this* case. Even if Anderson had made this threshold showing, his motion also fails to demonstrate that the requested items are obtainable only through a subpoena issued to the identified third party or that he has the funds necessary to pay for any costs associated with their production.

For these reasons, Anderson's motion requesting the issuance and service of a subpoena, ECF No. 35, is **DENIED** without prejudice. The Clerk shall send a copy of this order to the parties.

It is so **ORDERED**.

ENTER: August 7, 2024

/s/ Joel C. Hoppe  
United States Magistrate Judge