CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

October 25, 2024

LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
     DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | |
|---|---|
| **JOHN DAVID ANDERSON, III,** ) | |
| Plaintiff, ) | Civil Action No. 7:23-cv-00618 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| **HAROLD W. CLARKE, et al.,** ) | Senior United States District Judge |
| Defendants. ) | |

## ORDER

John David Anderson III, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983 without prepaying the filing fee. By order entered November 14, 2023, the court granted Anderson leave to pay the filing fee through installments from his prison trust account, pursuant to 28 U.S.C. § 1915(b)(1). The trust accounts officer at Red Onion State Prison subsequently submitted a payment for the filing fee using funds that had been deposited in Anderson's trust account. Pending before the court is Anderson's motion for reimbursement of the filing fee payment. ECF No. 44. For the following reasons, the motion is denied.

Under the Prison Litigation Reform Act, an indigent prisoner is not required to pay the full filing fee prior to commencing a civil action in federal court. See 28 U.S.C. § 1915(a)(2). Ultimately, however, "the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). The amount of the initial payment depends on the average monthly deposits and monthly balance in the prisoner's trust account. Id. The remainder of the filing fee must be paid in monthly installments. The amount of each payment is specified in § 1915(b)(2):

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the

>prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2) (emphasis added). Courts have interpreted the term "income" in this provision to include "all deposits to the prisoner's inmate account, whether the deposit be earned income, a gift, or otherwise." Cosby v. Meadors, 351 F.3d 1324, 1326 (10th Cir. 2003); see also Lucien v. DeTella, 141 F.3d 773, 776 (7th Cir. 1998) (concluding that "income" means "all deposits," including "gifts or bequests from family members").

In the pending motion, Anderson contends that the trust accounts officer improperly paid the filing fee balance using 20 percent of a "stimulus/economic impact payment" that he received on November 27, 2023. ECF No. 44 at 1. Anderson argues that legislation passed during the 2020 Special Session of the Virginia General Assembly "exempts all state and federal emergency relief payments from garnishment and other legal process seizures which includes the economic impact payment" at issue. Id. at 2.

The legislation on which Anderson relies amended the Code of Virginia to include a new section numbered 34-28.3. See 2020 Va. Acts 39. Section 34-28.3 provided that federal payments or rebates paid to individuals for economic relief due to the COVID-19 pandemic "shall be exempt from the creditor process even if deposited into an account with a financial institution or other organization accepting deposits and thereby commingled with other funds." Id. That section, however, was repealed effective July 1, 2023. See 2023 Va. Acts 456. Thus, even if the exemption extended to court filing fees, it no longer applied at the time Anderson allegedly received an economic impact payment on November 27, 2023.

The court is unaware of any other provision that would exempt a stimulus check or economic impact payment from being used to pay the filing fee as required by 28 U.S.C.

§ 1915(b)(1). See Feather-Gorbey v. Dunbar, No. 1:18-cv-2754, 2022 WL 1197949, at *1 (D. Md. Feb. 23, 2022) (denying a similar motion and noting that "such an exemption is anathema to the purpose of the PLRA filing requirement") (citing Roller v. Gunn, 107 F.3d 227, 233 (4th Cir. 1997)). Consequently, the court will deny the pending motion for reimbursement.*

For the reasons stated, Anderson's motion for reimbursement of the filing fee payment, ECF No. 44, is **DENIED**. The Clerk is directed to send a copy of this order to the parties.

It is so **ORDERED**.

Entered: October 25, 2024

Mike Urbanski
Senior U.S.District Judge
2024.10.25 13:02:34
-04'00'

Michael F. Urbanski
Senior United States District Judge

---

\* The court notes that Anderson's motion also references "deliberate indifference," "retaliation," and unequal treatment in violation of the Equal Protection Clause. If Anderson believes that prison officials violated his federal constitutional rights after he filed this lawsuit, he may file a separate action raising those issues. Anderson is advised, however, that such action will be subject to the filing fee requirements set forth in 28 U.S.C. § 1915(b). See Bruce v. Samuels, 577 U.S. 82, 84 (2016) (holding that "monthly installment payments [under 28 § 1915(b)(2)], like the initial partial payment, are to be assessed on a per-case basis").