CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
September 01, 2026
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | | |
|---|---|---|
| **JOHN DAVID ANDERSON, III,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:23CV00618 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **HAROLD W. CLARKE, et al.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendants. | ) | |

The plaintiff, John David Anderson, III, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. This case is currently stayed pending further resolution of class determinations in the case of *Thorpe v. Clarke*, No. 2:20CV00007. Min. Order, Dkt. No. 181. Currently before the court is Anderson's Motion to Lift Stay of Case ("Motion"), Dkt. No. 209. Upon review, I conclude that the Motion must be denied.

While this case is stayed, the court may take action on collateral matters while a stay is pending to promote judicial efficiency and manage its docket; therefore, the stay is lifted to the limited extent that the court will address Anderson's pending Motion related to the stay. *See Doe v. Pub. Citizen*, 749 F.3d 246, 258 (4th Cir. 2014) (district courts retain jurisdictions on appeal of matters collateral to appeal that promote judicial efficiency); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254

(1936) (determining that courts have inherent authority to manage their dockets to promote "economy of time and effort for itself, for counsel, and for litigants").

The basis for Anderson's request is that Senior United States District Judge Michael F. Urbanski entered a Memorandum Opinion in a different civil action, *Griffin v. Dotson*, No. 7:25CV00365, 2026 WL 2416759 (W. D. Va. Aug. 19, 2026) (unpublished). Anderson asserts that because Griffin challenged certain aspects of his experience with the Step-Down Program at Red Onion State Prison and his case was not stayed based on *Thorpe*, that the stay in Anderson's case should be lifted. However, each individual civil action is analyzed based on its own unique facts and circumstances, and the court's decision in Griffin's case does not warrant a lift of the stay in this case. Thus, Anderson's Motion will be denied in this regard.

Anderson further expresses frustration with the process for opting out of the class action. As previously explained, the court approved a class notice plan requiring that identified class members be given notice and an opportunity to opt out of the class. *Thorpe*, No. 2:20CV00007, Order, Dkt. No. 524; Pl.'s Revised Statement & Am. Notice, Dkt. No. 471. Anderson has been advised that, to formally opt out, he must follow the instructions contained in the Notice of Class Action and notify class counsel of his request in writing clearly stating that he wishes to opt out of the determined class. Order, Dkt. No. 205. Although he indicates that he has received no response from class counsel related to his request to opt out, the Notice

of Class Action includes contact information for class counsel to whom he may direct questions. He was further directed not to contact the court regarding this matter, as the Notice of Class Action instructs. Min. Order, Dkt. No. 208.

Accordingly, Anderson's Motion, Dkt. No. 209, is DENIED without prejudice.

It is so **ORDERED.**

ENTER: September 1, 2026

/s/ JAMES P. JONES
Senior United States District Judge